IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEROME EDWARD WASHINGTON                                           PLAINTIFF

v.                                Civil No.     4:24-cv-04021

DAVID P. COTTON; JASON MITCHELL;
JEFFIE WALKER; WAYNE EASLEY;                              DEFENDANTS
DANIEL HINES; KEITH MOORE;
GOLDEN ADAMS; OFFICER MILLER;
KEEGAN DAIGLE; STEVEN KING; LISA
DAVIDSON; and DAVID L. WHITT

## REPORT AND RECOMMENDATION

Plaintiff, Jerome Edward Washington, currently an inmate of the Arkansas Division of Corrections, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on March 4, 2024, in the Eastern District of Arkansas. (ECF Nos. 1, 2). The case was transferred to this Court on March 5, 2024. (ECF No. 3). The Court granted Plaintiff's

1

IFP Motion on March 7, 2024. (ECF No. 6). At all times relevant to Plaintiff's claims, he was a pretrial detainee in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. Plaintiff asserts multiple claims against twelve separate defendants in his Complaint: David P. Cotton, Miller County Prosecuting Attorney; Jason Mitchell, Miller County Public Defender; Jeffie Walker, Warden of MCDC; Wayne Easley, Sheriff of Miller County; Daniel Hines, Corporal at MCDC; Keith Moore, Corporal at MCDC; Golden Adams, Captain at MCDC; Officer Miller, Lieutenant at MCDC; Keegan Daigle, inmate at MCDC; Steven King, training staff at MCDC; Lisa Davidson, nurse at MCDC; and David L. Whitt, physician at Wadley Regional Medical Center. (ECF No. 2, pp. 2-3).

Plaintiff specifically claims the following rights were violated: (1) his Fourteenth Amendment rights under the Equal Protection Clause; (2) his Fourteenth Amendment rights under the Due Process Clause by not having access to his lawyer or the prosecutor or the court; (3) his Eighth Amendment Rights for poor medical treatment and cruel and unusual punishment. (ECF No. 2, p. 9)

In his Complaint Plaintiff claims he was assaulted by fellow inmate Keegan Daigle on March 24, 2022, for approximately ten minutes around 8:00 pm and then again at approximately 8:15 pm and a third time at 8:25 pm. (ECF No. 2, p. 5). As a result of this assault, Plaintiff's right eye socket was crushed and required reconstructive surgery. Plaintiff's left eye socket and orbital bone were also injured and still required repair upon his release from MCDC. Finally, Plaintiff's right collar bone was broken. *Id.*

After the assault, Defendant Moore took Plaintiff to have his blood sugar tested immediately following the assaults by Daigle. Plaintiff advised Defendant Moore of the assaults and requested grievance paper or access to the kiosk, but Defendant Moore denied Plaintiff both

2

requests. *Id.* at 5. Defendant Moore also advised Plaintiff not to "cause problems with the nurse (Lisa Davidson) checked [his] blood sugar cause he didn't want to fill out an incident report." *Id.* at 6. During his blood sugar check Defendant Davidson did not notice Plaintiff's injuries even though he was bleeding and starting to bruise. *Id.* Plaintiff again asked Defendant Moore for a grievance and was denied. *Id.* Plaintiff then alleges:

> I asked [Defendant] Moore once again for a grievance, once again he refused, so I asked for my lawyer (Jason Mitchell) & was denied, then asked for him (Moore) to call his supervisor & was refused. Next I asked to talk to the Prosecutor (David P. Cotton) & was told to stop being a problem or I would regret it & was put back in the pod where I had gotten assaulted.

*Id.* at 6.

At some point in the night of March 24, 2022, Defendant Moore and Defendant Hines determined Inmate Daigle assaulted Plaintiff and moved Plaintiff to a Security Housing Unit. *Id.* Plaintiff claims the unknown officer that was in charge of watching his pod camera should have caught this sooner and reported it to his supervisors, Defendants Walker, Easley, King, Davidson, Mitchell, and Cotton. This would have prevented Plaintiff from being assaulted three times. *Id.* at 7. Plaintiff then claims:

> So by 9:00 am on 3/25/22 my injuries was noticed by the nurse [Defendant] Davidson & they were obviously bad enough for her to call the Director of Nursing (Her boss & the head nurse that trained her) [Defendant King] to find out what to do & he . . . told her to get me to the hospital for X-rays (Wadley Regional Medical Center.)

*Id.*

For his official capacity claim, Plaintiff states he is suing for the violation of MCDC SOP 09.01. Plaintiff then lists out the text of the MCDC SOP he claims Defendants violated. Plaintiff goes on to state: "I believe polices were ignored & my rights were violated of this & these are my right that I feel were violated by these events." *Id.* at 8-9. Finally, Plaintiff claims the supervisors at the MCDC did not properly train on the MCDC policies. *Id.*

3

As relief Plaintiff seeks, compensatory and punitive damages, and equitable relief. Plaintiff would also like the MCDC staff to be better trained, and he seeks attorney's fees. *Id.* at 10.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The Court interprets Plaintiff's Complaint to allege: (1) a failure to protect or conditions of confinement claim regarding his assault; (2) denial or delay of medical care claim regarding his injuries from the assault; (3) an equal protection claim regarding the assault; (4) an access to his

lawyer claim; (5) a failure to train claim; and (6) official capacity claims regarding the policy and procedures of the MCDC and the failure to train on these policies and procedures. It appears Plaintiff is alleging all these claims against all named Defendants.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

### A. Inmate Daigle

The facts set forth in Plaintiff's Complaint against Inmate Daigle, do not support any plausible cause of action for relief under 42 U.S.C. § 1983. As stated above, to state a claim under Section 1983, the Plaintiff must allege the defendant acted under color of state law. *West*, 487 U.S. at 48; *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) (private actors

can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted). Plaintiff has made no assertion that Inmate Daigle was working in concert with Miller County officials when he assaulted Plaintiff. Accordingly, there is no support for any contention that Inmate Daigle was acting under color of state law, and Plaintiff's claims against him should be dismissed.

### B. Jason Mitchell and David P. Cotton

Furthermore, Plaintiff's claims against his public defender, Defendant Mitchell, fail for the same reason. "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Finally, Plaintiff's claims against Defendant Cotton fail because Defendant Cotton is immune from suit in his role as prosecuting attorney. The Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under Section 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Furthermore, immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted).

Moreover, Plaintiff does not allege any conduct by either Defendant Cotton or Mitchell causing his assault or denial or delay of his medical care. Plaintiff complains that other Defendants failed to contact Defendant Cotton or Mitchell at Plaintiff's request and that he was denied access to his counsel by this denial. This, however, is not an allegation against either Cotton or Mitchell. Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Cotton or Mitchell in his Complaint.

### C.  Golden Adams, Officer Miller, and David Whitt

Finally, Plaintiff lists multiple Defendants in the heading of his Complaint, but then fails to allege any facts or claims against these Defendants. Specifically, Plaintiff lists Defendant Adams, Miller, and Whitt under the complaint form section requesting the full name of all Defendants, but then Plaintiff does not assert any facts or allegations against these three Defendants. Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *See Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003). Even in an official capacity suit under Section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (internal citations omitted). Accordingly, Defendants Adams, Miller, and Whitt should be dismissed as Plaintiff has failed to allege any claims against them.

The Court finds Plaintiff has stated claims upon which relief may be granted on all remaining Defendants. *See Bell*, 550 U.S. at 570. Accordingly, the Court will order service on these Defendants by separate order for the following claims: (1) a failure to protect or conditions of confinement claim regarding his assault; (2) denial or delay of medical care claim regarding his

injuries from the assault; (3) an equal protection claim regarding the assault; (4) an access to his lawyer claim; (5) an individual capacity failure to train claim on all supervisory Defendants; and (6) official capacity claims regarding the policy and procedures of the MCDC and the failure to train on these policies and procedures.

## IV.    CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Claims against Defendants Keegan Daigle, David P. Cotton, Jason Mitchell, Golden Adams, Officer Miller, and David Whitt be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1); and

(2) All other claims, as interpreted by the Court and listed herein, against Defendants Walker, Easley, Hines, Moore, King, and Davidson proceed.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of April 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE