IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEROME EDWARD WASHINGTON                                          PLAINTIFF

v.                                Case No. 4:24-cv-4021

JEFFIE WALKER; WAYNE EASLEY;
DANIEL HINES; KEITH MOORE;
STEVEN KING; and LISA DAVIDSON                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 53. Judge Bryant recommends that the Court grant the Motion for Summary Judgment (ECF No. 35) filed by Defendants Jeffie Walker, Daniel Hines, and Sheriff Wayne Easley ("Miller County Defendants") and dismiss Plaintiff's claims against them. Plaintiff has responded with objections. ECF Nos. 53, 55. The Court finds the matter ripe for consideration.

## I. BACKGROUND

This is a civil rights action filed by Plaintiff, who is a self-represented litigant. At all times relevant to Plaintiff's claims, he was a pretrial detainee in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas.

Plaintiff claims that on March 24, 2022, he was assaulted three different times by fellow inmate Keegan Daigle. Because of these assaults, Plaintiff's right eye socket was crushed and required reconstructive surgery. His left eye socket and orbital bone were also injured, and his right collar bone was broken. Plaintiff alleges that the officer who was watching his pod camera should have observed the first assault sooner than they did to prevent the subsequent two assaults.

Immediately following the assaults, Defendant Keith Moore took Plaintiff to be examined by the nurse on staff.  Plaintiff states that he advised Moore of the assaults and requested grievance paper or access to the kiosk, but Moore denied his request.  While the nurse checked his blood sugar, Plaintiff claims that he again requested a grievance form and requested access to his attorney but was denied.

At some point on March 24, 2022, Plaintiff was moved to a Security Housing Unit.  On March 25, 2022, Plaintiff claims that the nurse advised MCDC staff that Plaintiff should go to the hospital for x-rays.

In his complaint, Plaintiff alleges the following claims against the remaining Defendants in this case:  (1) a failure to protect claim regarding his assault; (2) a denial or delay of medical care claim regarding his injuries resulting from the assaults; (3) an equal protection claim regarding his assault; (4) a claim that he was denied access to his attorney; (4) an individual capacity failure to train claim against all supervisory Defendants; and (6) an official capacity claim regarding the policy and procedures of the MCDC and failure to train staff as to these policies.  ECF No. 8.  Plaintiff seeks compensatory and punitive damages.  He also asks the Court to order the MCDC to better train its staff.

The Miller County Defendants move for summary judgment as to all claims against them, arguing that Plaintiff failed to file any grievances related to the claims he alleges against them in his complaint.  ECF No. 36.  Judge Bryant recommends that Defendants' Motion for Summary Judgment be granted.  ECF No. 53.  Plaintiff objects.  ECF Nos. 53, 55.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. §

636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III.  DISCUSSION

The Prison Litigation Reform Act requires prisoners to exhaust all "available" administrative remedies before challenging prison conditions under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a).  A prisoner properly exhausts the available administrative remedies when "he complete[s] the administrative review process in accordance with the applicable prison rules."  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted).  In the Report and Recommendation (ECF No. 53), Judge Bryant found that Plaintiff failed to exhaust his administrative remedies.

Plaintiff does not dispute that he failed to exhaust his administrative remedies as to his claims against the Miller County Defendants.  Instead, in his response to the summary judgment

motion (ECF No. 39), Plaintiff argues that he never filed any grievances about the incidents at issue because the grievance process was unavailable to him when he was in "solitary confinement." Thus, the issue here is whether the MCDC grievance process was unavailable such that it prevented Plaintiff from filing any grievances and exhausting his administrative remedies.

Plaintiff did not offer any evidence to support his claim that the grievance process was unavailable to him because he was in solitary confinement. Plaintiff did not submit an affidavit or sworn declaration to support this statement. Further, the Miller County Defendants submitted evidence that between the time of the alleged assault and the filing of the instant lawsuit, Plaintiff was able to file three separate complaints/requests not related to the claims in this case via a kiosk at MCDC. Thus, Judge Bryant found that the Miller County Defendants met their burden of proving that Plaintiff failed to exhaust his administrative remedies, and thus he recommends that the Court grant the Miller County Defendants' Motion for Summary Judgment. ECF No. 35.

Plaintiff objects to this finding and recommendation. In his first set of objections, Plaintiff argues the merits of his claims without discussing the exhaustion issue. ECF No. 56. However, in his second "objection," Plaintiff simply files an affidavit stating that he "was threatened to be deprived of medication and food by Keith Moore and Daniel Hines if [he] filed a grievance about these specific incidents." ECF No. 54. Plaintiff's affidavit is not accompanied by any argument, although the Court assumes he is offering the affidavit to attempt to show that the grievance process was not available to him.

Nowhere in his objections does Plaintiff mention what he argued in his response to the summary judgment motion—that he was prevented from filing any grievances because he was in

4

solitary confinement.  Instead, after this argument was discredited by the evidence and rejected by Judge Bryant, Plaintiff argues, for the first time, that Keith Moore and Daniel Hines threatened to retaliate against him by withholding food and medication if he filed a grievance regarding the alleged assaults.  ECF No. 54. The affidavit supporting Plaintiff's argument was filed on the record after Judge Bryant issued his Report and Recommendation.  ECF No. ECF No. 53.  Thus, this retaliation argument was not raised before Judge Bryant, and he did not have an opportunity to consider it.  "Federal courts have repeatedly held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise new arguments or issues before the district court that were not presented to the magistrate."  *United States v. Simeon*, 115 F. Supp. 3d 981, 995 (N.D. Iowa July 20, 2015) (collecting cases).  Because Plaintiff's retaliation argument could have been but was not presented to Judge Bryant, the Court will not consider it at this time.

However, even if the Court were to consider the retaliation affidavit, it would find that Plaintiff has not properly shown that the grievance process was unavailable to him, and thus his failure to exhaust is not excused.  Plaintiff does not dispute that he failed to file any grievances related to the claims in this case.  Thus, the burden falls on Plaintiff to show that the administrative remedies were unavailable to him.  *See Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018) (citing *Tuckel v. Grover*, 660 F.3d 1249, 1253-54 (10th Cir. 2011)).  An administrative remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).  Plaintiff succinctly states that Defendants Moore and Hines threatened to deprive Plaintiff of food and medication if he filed any grievances related to the

"specific incidents." ECF No. 54. Plaintiff offers this simple statement without any accompanying argument as to how the threat rendered the grievance process unavailable to him.

"[C]ircuits differ on the test to determine whether a fear of retaliation excuses an inmate from exhaustion requirements." *East v. Minnehaha Cnty.*, 986 F.3d 816, 821 (2021) (citing cases). Four Circuits require an inmate to show subjective and objective elements: that the threat actually deterred the inmate from filing a grievance and that a reasonable inmate of ordinary firmness would have failed to file it. *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018); *McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011); *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). The Second Circuit requires that an inmate show only the objective element: that a reasonable inmate of ordinary firmness would have failed to file a grievance. *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004). The Eighth Circuit has not taken a position on the split; however, the Eighth Circuit has observed that, under either test, a plaintiff must show that the circumstances were such that fear of retaliation would have deterred a "reasonable inmate of ordinary firmness" from filing a grievance. *East*, 986 F.3d at 821.

In the instant case, under either test, Plaintiff's claim fails because there is no evidence in the record which would allow the Court to conclude that a reasonable inmate of ordinary firmness would have failed to file a grievance in Plaintiff's situation. The only evidence in the record related to fear of retaliation is one sentence in Plaintiff's self-serving affidavit, stating that Defendants Moore and Hines "threatened to deprive[] [Plaintiff] of medication and food . . . if he filed a grievance about these specific incidents." ECF No. 54. From this one sentence, the Court cannot determine whether a reasonable prisoner of ordinary firmness would have failed to file a grievance based on this threat. In the affidavit (ECF No. 54), Plaintiff states that he was

6

threatened; however, he does not go so far as to connect his failure to file a grievance directly to this threat.  The Court notes that there is evidence in the record that Plaintiff did file at least one grievance related to the assaults at issue, albeit the grievance was related to an alleged lack of medical care for Plaintiff's injuries caused by the assaults.

Plaintiff claims that Defendants Moore and Hines threatened to withhold food and medicine if he filed a grievance about "these specific events."  ECF No. 54.  It is the Plaintiff's burden to show that he failed to file, or that an "inmate of ordinary firmness" would have failed to file, a grievance based on the threat.  The Court cannot find from Plaintiff's one-sentence, self-serving affidavit that the grievance process was unavailable to him and thus excuses his failure to exhaust.  Accordingly, the Court finds that the claims against the Miller County Defendants should be dismissed based upon Plaintiff's failure to exhaust his administrative remedies.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF Nos. 54, 56) and completely adopts the Report and Recommendation.  ECF No. 53.  Accordingly, the Court finds that the Miller County Defendants' Motion for Summary Judgment (ECF No. 35) should be and hereby is **GRANTED**.  All claims against the Miller County Defendants are **DISMISSED WITHOUT PREJUDICE**.  This leaves for further litigation Plaintiff's claims asserted against the medical Defendants, Lisa Davidson and Steven King.

**IT IS SO ORDERED**, this 25th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge